## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>**Shiloh Management Services, Inc.,**<br><br>       Debtors. | **Bankruptcy Case<br>No. 17-01458-JMM** |
| **Noah G. Hillen,**<br><br>       Plaintiff,<br><br>vs.<br><br>**Preston Roth IRA, LLC; Star Management Services, Inc.; Triple B, LLC; Susan and Phillip Emerson; Kingdom Trust Co., F/B/O Jere Robertson IRA; Kingdom Trust Co., F/B/O Frank Youngstrom IRA; Joan Fothergill; and Pioneer Title Co.,**<br><br>       Defendants. | **Adv. Proceeding<br>No. 18-06002-JMM** |
| **Noah G. Hillen,**<br><br>       Plaintiff,<br><br>vs.<br><br>**Charles Darby, Walter McCarthy, Nick Epper, and Pioneer Title Co.,**<br><br>       Defendants. | **Adv. Proceeding<br>No. 18-06009-JMM** |

MEMORANDUM OF DECISION − 1

<table>
<tr><td>

**Noah G. Hillen,**

             **Plaintiff,**

**vs.**

**Charles Darby, Starr Management Services, Inc., and Pioneer Title Co.,**

             **Defendants.**

</td><td>

**Adv. Proceeding
No. 18-06010-JMM**

</td></tr>
</table>

## MEMORANDUM OF DECISION

**Appearances:**

    Matthew Todd Christensen, ANGSTMAN JOHNSON, PLLC, Boise, Idaho, Attorney for Plaintiff chapter 7 Trustee.

    Gery W. Edson, Boise, Idaho, Attorney for Defendants Triple B, LLC; Kingdom Trust Company, F/B/O Jere Robertson IRA; and Walter McCarthy.

    Amber N. Dina, GIVENS PURSLEY LLP, Boise, Idaho, Attorney for Defendant Charles Darby.

### *Introduction*

Before the Court are three motions for summary judgment and three motions for partial summary judgment filed in three separate adversary proceedings. Although the adversary cases are not consolidated, because the issues are identical and all relate to the same underlying bankruptcy case, the Court will dispose of all the pending motions in one decision.

MEMORANDUM OF DECISION − 2

*Facts and Procedural History*

A.   <u>The Cases</u>

1.   *In re Shiloh Management Services, Inc.*, 17-01458-JMM (*"Shiloh Mgmt"*).
The underlying bankruptcy case was an involuntary chapter 7[1] case, filed against the
debtor, Shiloh Management Services, Inc. ("Debtor"), on November 1, 2017, by
petitioning creditors William and Ann Brinkley; Flash Investments, LLC; Frank Preston
IRA, LLC; Lanny Johnson; Jere and Sally Robertson; Janelle Nelson; Stock Boise, LLC;
Edwin Noah Tate; Triple B, LLC; and James and JoAnn Willis.  *Id*. at Dkt. No. 1.  Noah
G. Hillen was appointed as the trustee ("Trustee").

2.   *Hillen v. Preston Roth IRA, LLC,* Adversary Case No. 18-6002-JMM
(*"Preston"*).  Trustee commenced this adversary proceeding on January 9, 2018.  *Id.* at
Dkt. No. 1.  In his complaint, Trustee named Preston Roth IRA, LLC; Star Management
Services, Inc.; Triple B, LLC; Susan and Phillip Emerson; Kingdom Trust Company,
F/B/O Jere Robertson IRA; Kingdom Trust Company, F/B/O Frank Youngstrom IRA;
Joan Fothergill; and Pioneer Title Company as defendants.  *Id.*

The complaint alleges, in relevant part, that Triple B loaned Debtor $45,000,
which loan was secured by a promissory note and deed of trust, recorded in Canyon
County, Idaho, on June 1, 2017.  *Id.* at Dkt. No. 1 at Ex. C.  The deed of trust provided

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11
U.S.C. §§ 101-1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-
9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION − 3

for a lien on a parcel of real property located at 27438 Warren Lane, Wilder, Idaho. *Id.*
It granted legal title to the property to Pioneer Title Company, as trustee, to be held for
the beneficial interest of Triple B until Debtor paid off the loan. *Id.* The deed of trust
was signed by "Nathan Pyles, President," followed by a notary acknowledgment. *Id.* It
is this notary acknowledgment that, in Count III of the complaint, Trustee contends is
deficient, rendering the perfection of the security interest ineffective.

The Complaint further alleges that Jere Robertson loaned Debtor $62,834, which
loan was also secured by a deed of trust on the same parcel of real property. *Id.* at Dkt.
No. 1 at Ex. E. The deed of trust was dated June 1, 2017, and was recorded in Canyon
County that same day. *Id.* It likewise granted legal title to the property to Pioneer Title
Company, as trustee, to be held for the beneficial interest of the Kingdom Trust
Company, as custodian f/b/o Jere Robertson IRA, until Debtor paid the loan off. *Id.* The
deed of trust was signed by "Nathan Pyles, President," followed by a notary
acknowledgment. *Id.* It is this notary acknowledgment that, in Count IV of the
complaint, Trustee likewise contends is deficient and renders the perfection of the
security interest ineffective.

3.    *Hillen v. Darby,* Adversary Case No. 18-6009-JMM (*"Darby I"*). Trustee
commenced this adversary proceeding on March 21, 2018. *Id.* at Dkt. No. 1. In his
complaint, Trustee named Charles Darby, Walter McCarthy, Nick Epper, and Pioneer
Title Company as defendants. *Id.* As is relevant to the motions at hand, the complaint
alleges that Charles Darby loaned Debtor $190,000 on December 7, 2016, secured by a

MEMORANDUM OF DECISION − 4

promissory note and deed of trust. *Id.* The deed of trust indicated that Debtor was the grantor, Pioneer Title Company was the trustee, and Charles Darby was the beneficiary, and provided for a lien on a parcel of real property located at 19944 Wilson Lane, Wilder, Idaho. *Id.* at Dkt. No. 12-2, Ex. A. It granted legal title to the property to Pioneer Title Company, as trustee, to be held for the beneficial interest of Charles Darby until Debtor paid the loan off. *Id.* The deed of trust was recorded in Canyon County, Idaho, on December 7, 2016. *Id.*

The deed of trust was signed by "Nathan Pyles, President," followed by a notary acknowledgment. *Id.* It is this notary acknowledgment that, in Count I of the complaint, Trustee contends is deficient, rendering the perfection of the security interest ineffective.

The Complaint further alleges that Walter McCarthy loaned Debtor $30,000. *Id.* at Dkt. No. 1. He was also given a promissory note and deed of trust to secure the loan, on the same property at 27438 Warren Lane, Wilder, Idaho. *Id.* at Dkt. No. 12-2. It likewise granted legal title to the property to Pioneer Title Company, as trustee, to be held for the beneficial interest of Walter McCarthy until Debtor paid the loan off. This deed of trust was recorded in Canyon County, Idaho, on February 22, 2017, and contained the identical acknowledgment following Nathan Pyles's signature. *Id.* Trustee contends in Count II of the complaint that this acknowledgment is similarly deficient and renders the perfection of the security interest ineffective.

4.      *Hillen v. Darby*, Adversary Case No. 18-6010-JMM (*"Darby II"*). Trustee also commenced this adversary proceeding on March 21, 2018. *Id*. at Dkt. No. 1. In his

MEMORANDUM OF DECISION − 5

complaint, Trustee named Charles Darby, Starr Management Services, Inc., and Pioneer Title Company as defendants.  The complaint in this case alleges, *inter alia*, that Charles Darby loaned Debtor $190,000, secured by a promissory note and deed of trust.  *Id*.  The note provided for monthly payments on the loan, and a maturation date of September 1, 2017.  *Id.* at Dkt. No. 11-2, Ex. A.  For the purpose of securing the indebtedness on the note, the deed of trust provided for a lien on a parcel of real property located at 27394 Warren Lane, Wilder, Idaho.  *Id*.  The deed of trust indicated that Debtor was the grantor, Pioneer Title Company was the trustee, and Charles Darby was the beneficiary.  *Id.* at Dkt. No. 11-2, Ex. B.  It granted legal title to the property to Pioneer Title Company, as trustee, to be held for the beneficial interest of Charles Darby until Debtor paid the loan off.  *Id.*

The deed of trust was signed by "Nathan Pyles, President," followed by the same notary acknowledgment as was used in the *Preston* and *Darby I* cases.  It is this notary acknowledgment that, in Count I of the complaint, Trustee contends is deficient, rendering the perfection of the security interest ineffective.

B.   The Motions

1.  *Preston,* Adv. Case No. 18-6002-JMM:  Defendants Triple B and Jere Robertson filed a summary judgment motion as to Counts III and IV on April 5, 2018.  *Id*. at Dkt. No. 9.  Trustee filed a motion for partial summary judgment as to Counts III and IV on May 2, 2018.  *Id.* at Dkt. No. 12.

MEMORANDUM OF DECISION – 6

2. *Darby I,* Adv. Case No. 18-6009-JMM:  Trustee filed a motion for partial summary judgment as to Counts I and II on May 2, 2018.  *Id.* at Dkt. No. 12.  Defendant Charles Darby filed a summary judgment as to Count I on May 2, 2018.  *Id.* at Dkt. No. 14.

3. *Darby II*, Adv. Case No. 18-6010-JMM:  Trustee filed a motion for partial summary judgment as to Count I on May 2, 2018.  *Id.* at Dkt. No. 9.  Defendant Charles Darby filed a motion for summary judgment on Count I on May 2, 2018.  *Id.* at Dkt. No. 11.

The Court heard oral argument on all motions described above on May 30, 2018, and thereafter took the matters under advisement.  The Court has considered the briefing, affidavits, exhibits, and oral argument presented, as well as the applicable law, and now issues the following decision, which resolves the motions.  Fed. R. Bankr. P. 7052; 9014.

### *Summary Judgment Standard*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Civil Rule 56, incorporated by Rule 7056; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986); *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001).

This Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted).  The bankruptcy court "views the evidence in the light most favorable to the non-moving

MEMORANDUM OF DECISION − 7

party" and "draws all justifiable inferences in favor of the non-moving party." *Fresno Motors, LLC v. Mercedes Benz USA, LLC,* 771 F.3d 1119, 1125 (9th Cir. 2014) (citing *Cty. of Tuolumne v. Sonora Cmty. Hosp*., 236 F.3d 1148, 1154 (9th Cir. 2001) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

An issue is "genuine" if there is sufficient evidence for a reasonable finder of fact to find in favor of the non-moving party, and a fact is "material" if it might affect the outcome of the case. *Far Out Prods., Inc.*, 247 F.3d at 992 (citing *Anderson,* 477 U.S. at 248-49. The substantive law will identify which facts are material. *Anderson,* 477 U.S. at 248.

The initial burden of showing there is no genuine issue of material fact rests on the moving party. *Esposito v. Noyes (In re Lake Country Invs.)*, 255 B.R. 588, 597 (Bankr. D. Idaho 2000) (citing *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998)). "If the non-moving party bears the ultimate burden of proof on an element at trial, that party must make a showing sufficient to establish the existence of that element in order to survive a motion for summary judgment." *Id*. (citing *Celotex,* 477 U.S. at 322-23).

### *Analysis and Disposition*

In Idaho, proper acknowledgment is required before a trust deed may be recorded. Idaho Code § 55-805[2] provides:

---

[2] The Idaho Code provisions on acknowledgement were amended effective July 2017. However, each of the deeds of trust at issue here were acknowledged prior to that date. Accordingly, the Court will measure the adequacy of the acknowledgements under the former statutes.

MEMORANDUM OF DECISION − 8

Before an instrument may be recorded, unless it is otherwise expressly provided, its execution must be acknowledged by the person executing it, or if executed by a corporation, by its president or vice president, or secretary or assistant secretary, or other person executing the same on behalf of the corporation . . . ."

As such, if the trust deeds at issue here are not acknowledged, or if the acknowledgments are not valid, they should not have been recorded and are avoidable by Trustee. *See Matter of Jacobsen*, 30 B.R. 965, 968 (Bankr. D. Idaho 1983).

Each of the deeds of trust at issue before the Court contain identical acknowledgments, which state as follows:

State of Idaho, County of _____, ss.

On this _____ day of _____ in the year of [2016 or 2017], before me, the undersigned, a Notary Public in and for said State, personally appeared Nathan Pyles, President of Shiloh Management Services, Inc. known or identified to me to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same.

Trustee contends that the acknowledgments are inadequate to satisfy the corporate acknowledgment statute, and therefore the subsequent recording of each instrument was invalid. As such, Trustee contends he may utilize § 544(a)[3] to "avoid any transfer of property of the debtor that is voidable by… (3) a bona fide purchaser of real property,

_____

[3] The Trustee initially requested relief under 11 USC §544(a) and 11 USC §545, and argued under §543(3). He later filed a Notice of Errata in Memorandum in each case, clarifying that his argument was based on §§544 only. 18-6002-JMM at Dkt. No. 15; 18-6009-JMM at Dkt. No. 16; 18-6010-JMM at Dkt. No. 13.

MEMORANDUM OF DECISION − 9

other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists." *Id.*  The crux of each of the Defendants' argument is that the acknowledgment substantially complied with the form prescribed in the statute, and therefore the recordation was proper and the lien may not be avoided.

A.      Acknowledgment Forms

Idaho statutes provide forms for various acknowledgment certificates, including the certificate to be used for an acknowledgment by a corporation.  Idaho Code § 55-711 provides:

> The certificate of acknowledgment of an instrument executed by a corporation must be substantially in the following form:
>
> State of Idaho, county of .........., ss.
>
> On this ...... day of ......, in the year ......, before me (here insert the name and quality of the officer), personally appeared ...... known or identified to me (or proved to me on the oath of ......) to be the president, or vice-president, or secretary or assistant secretary, of the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

Moreover, Idaho Code § 55-707 provides:

> Requisites of acknowledgment. −The acknowledgment of an instrument must not be taken, unless the officer taking it knows, or has satisfactory evidence from a credible source, that the person making such acknowledgment is the individual who is described in, and who executed

MEMORANDUM OF DECISION − 10

the instrument; or, if executed by a corporation, that the person making such acknowledgment is the president or vice president or secretary or assistant secretary of such corporation[.]

B.    Case Law

There is case law spanning 60 years on the subject of the validity of an acknowledgment under Idaho statutes, although the volume of cases is rather small.  The Court will briefly review the cases it has located, and glean what guidance they provide in resolving the summary judgment motions before it.

1. *Jordan v. Secs. Credit Corp.*, 314 P.2d 967 (Idaho 1957).  This case involved three chattel mortgages.  The trial court held the mortgages were void and unenforceable.  On appeal, the Idaho Supreme Court analyzed the acknowledgments to see if they complied with the statute.  The court noted that because the mortgagor was a corporation, the acknowledgment had to comply with the statutory requirements pertaining to chattel mortgages.  In that case, the mortgage documents were acknowledged by the president of the corporation using the individual acknowledgment form, with no indication of his office.  In holding that the acknowledgment was insufficient, the Idaho Supreme Court held:

> The acknowledgment on these instruments does not even pretend to comply with the corporate acknowledgment of Idaho Code § 55-711, and is therefore void because it fails to disclose that he was a corporate officer of the corporation and with the authority to execute it.  This being a void acknowledgment, the instrument could not be filed for record under the mandatory provisions of Idaho Code § 55-805.

*Id*. at 972.

MEMORANDUM OF DECISION − 11

2. *Farm Bureau Fin. Co., Inc. v. Carney*, 605 P.2d 509 (Idaho 1980).  This case

involved a lawsuit brought by the beneficiary on a deed of trust to foreclose on a parcel

of real property.  At issue was the certificate of acknowledgment, which was in

substantially the proper form, but several portions of the form were left blank, including

the name of the person granting the deed of trust.  In holding that the acknowledgment

was sufficient, the Idaho Supreme Court stated:

> Generally, technical deficiencies in the certificate of
> acknowledgment will not render the certificate defective if the alleged
> deficiency can be cured by reference to the instrument itself, in this case,
> the deed of trust. . . . [T]he omission of the acknowledger's name in the
> blank in the certificate will not render the certificate ineffective if his name
> can be ascertained from other sources, as from the face of the instrument
> itself or from other parts of the certificate.

*Id.* at 515.

3. *Benjamin Franklin Sav. & Loan Ass'n. v. New Concept Realty & Dev., Inc. (In

re New Concept Realty & Dev., Inc.)*, 692 P.2d 355 (Idaho 1984).  This decision was

issued after the Ninth Circuit Court of Appeals certified the question of the sufficiency of

the certificate of acknowledgment to the Idaho Supreme Court.  This case resolved a

bankruptcy trustee's argument that the certificate of acknowledgment on a deed of trust

did not adequately demonstrate that the notary knew the identities of the persons who

appeared before him.  The bankruptcy court held that the certificate of acknowledgment

was insufficient and the district court affirmed on appeal.  Because there was no

MEMORANDUM OF DECISION − 12

controlling precedent on this state law issue, the Ninth Circuit certified the question to the

Idaho Supreme Court, which reversed, stating:

> In Idaho, as in most states, there exists a presumption of regularity as to the official acts performed by public officers. A notary public is a bonded public officer appointed by the Governor. Notaries are empowered to take acknowledgments and to give certificates of proof thereof. Thus, we begin with a presumption that the deed of trust was validly acknowledged.

> The record in this case supports this presumption. The certificate states that the grantors personally appeared before the notary and acknowledged their execution of the deed of trust. The notary's affidavit establishes that he knew the signors to be the people who executed the deed. While it is true that the certificate does not contain the words "known or identified to me (or proved to me on the oath of _____), to be the person whose name is subscribed to the within instrument," strict compliance with the statutory form is not required. The statute provides, and our previous cases have held that substantial compliance with the statutory requirements is sufficient.

*Id*. at 356-7 (internal citations omitted). The court continued, "[f]or us to hold that the

acknowledgment was ineffective to impart constructive notice of the deed of trust would

be to exalt form over substance. This we decline to do." *Id*. at 357.

    4. *Salladay v. Bowen*, 388 P.3d 577 (Idaho 2017). This most recent

pronouncement from the Idaho Supreme Court involved the acknowledgment on a

memorandum of sale that was executed and recorded. The memorandum was executed

by Salladay in his capacity as the personal representative of an estate, and therefore

should have used the applicable acknowledgment form. In this case, however, the notary

merely used the "subscribed and sworn to before me this day" language, which is the

MEMORANDUM OF DECISION − 13

endorsement used for oaths and affirmations, rather than for acknowledgments.  In

reversing the district court, the Idaho Supreme Court cited *Jordan* and held that "[w]hile

technical deficiencies in an acknowledgment may be cured by reference to the

instrument, use of the incorrect form may not."  *Id*. at 579-80.  It is also important to note

that in *Salladay,* the parties did not utilize any of the forms proscribed by the Idaho

Legislature in Idaho Code §55-710 *et. seq*..  Rather, the notary in that case used the

"subscribed and sworn" language which did not conform to the corporate, individual, or

partnership acknowledgment forms set forth in the statute.

     5.  *Anderson Land Co. v. Small Bus. Admin. (In re Big River Grain, Inc.)*, 718

F.2d 968 (9th Cir. 1983).  This case is factually most similar to the case at bar, and

involved a certificate of acknowledgment on a quitclaim deed.  The acknowledgment was

executed by the president of Big River Grain, and as such, a corporate acknowledgment

was required.  The form utilized in *Big River Grain* provided as follows:

> On this 13th day of June, 1980, before me, a notary public in and for said
> State, personally appeared
>
> DAVE WALKER, President
>
> BIG RIVER GRAIN, INC.
>
> known to me to be the person whose name is subscribed to the within
> instrument, and acknowledged to me that he executed the same.

*Id*. at 969.

MEMORANDUM OF DECISION − 14

The court noted that the corporate form requires the notary to certify 1) to having knowledge or proof that the signer of the instrument is an officer of the corporation, and 2) that the signer acknowledged that the corporation executed the instrument.  In that case, the acknowledgment form itself signified the notary's knowledge of the corporate office held by the signer.  In *Big River Grain*, the certificate stated the signer was "Dave Walker, President," and named the corporation.  The circuit held that the acknowledgment "that the corporation executed the quitclaim deed is apparent from the deed itself if not from the certificate," and "therefore, when read together with the deed, the certificate of acknowledgment substantially complies with the statutory requirements."  *Id*. at 970.  In comparing the case to *Jordan*, the Ninth Circuit observed that the district court found the acknowledgment failed to indicate that Walker had "the requisite authority to execute the instrument."  However, the circuit held,

> Nothing in the statutes requires the acknowledgment to include a specific statement of corporate authority, and we do not think *Jordan* adds that requirement.  Rather, the *Jordan* court simply noted the deficiencies in an acknowledgment that purported to be in the corporate form but omitted any reference to the corporation or the office of the signer.  Those deficiencies are absent here.

*Id*. at 970-71.

C.    Trustee's Avoidance Powers Under §544(a)(3)

The Bankruptcy Code provides bankruptcy trustees with broad powers to assist them in recovering and administering debtors' assets to benefit unsecured

MEMORANDUM OF DECISION − 15

creditors in bankruptcy cases.  Among these powers are those designed to allow the trustee to recover, or "avoid" transfers made by a debtor prior to filing for bankruptcy.  One of these avoiding powers is the so-called "strong-arm power" found in § 544(a).  Pursuant to §544(a)(3), a bankruptcy trustee has the power to avoid any transfer that a hypothetical bona fide purchaser for value could have avoided under the law of the state in which the real property is located.  *Chase Manhattan Bank, USA, N.A. v. Taxel (In re Deuel)*, 594 F.3d 1073, 1076 (9th Cir. 2010); *Rainsdon v. Mullen (In re Mullen),* 402 B.R. 353, 356 (Bankr. D. Idaho 2008).

In the cases before the Court, Trustee contends that because the wrong acknowledgments were used, pursuant to Idaho Code § 55-805, the trust deeds should never have been recorded, and as such, are unperfected.  Thus, when Trustee steps into the shoes of a hypothetical bona fide purchaser for value, he may avoid those security interests created.  *Cortez v. American Wheel, Inc. (In re Cortez),* 191 B.R. 174, 178 (9th Cir. BAP 1995) ("An unrecorded, thus unperfected, deed of trust is subject to avoidance by the bankruptcy trustee as a hypothetical lien creditor, pursuant to §544.")

D.  <u>Analysis</u>

The Court finds that all facts material to the resolution of these various motions for summary judgment are undisputed.  As such, summary judgment as a matter of law may be appropriately granted.

MEMORANDUM OF DECISION − 16

In this case, recall, the certificate of acknowledgment reads as follows:

> On this _____ day of _____ in the year of [2016 or 2017], before
> me, the undersigned, a Notary Public in and for said State, personally
> appeared Nathan Pyles, President of Shiloh Management Services, Inc.
> known or identified to me to be the person(s) whose name(s) is/are
> subscribed to the within instrument, and acknowledged to me that
> he/she/they executed the same.

Nathan Pyles signed the acknowledgment form on behalf of Shiloh Management
as its president, and as such, the corporate form was necessary.  Trustee contends that the
individual form was used here, and *Jordan* and *Salladay* dictate that because the wrong
form was used, the acknowledgment would be ineffective and the trust deeds should
never have been recorded.  The Court concludes that Trustee reads the acknowledgments
at issue too narrowly.

The acknowledgments at issue here fall between the individual and corporate
forms.  While they do not completely omit the corporate designation as in *Jordan,* or the
signer's representative status as in *Salladay*, or use entirely the wrong form as occurred in
*Salladay*, the forms utilized in the deeds of trust at issue here do not fully follow the
prescribed form found in Idaho Code § 55-711.  The corporate form requires that the
signer be identified as an officer of the corporation that executed the instrument, or as the
person who executed the instrument on behalf of the corporation, and also acknowledge
to the notary that the corporation executed the instrument.  In this case, Mr. Pyles is
identified as the president of Shiloh Management.  What is missing is the sentence
indicating Shiloh Management executed the instrument, or the deed of trust.  However,

MEMORANDUM OF DECISION − 17

according to *Farm Bureau*, this technical deficiency may be cured by reference to the instrument itself.

Here, the deeds of trust each indicate that "Shiloh Management Services, Inc., an Idaho corporation," is the grantor. And they are signed by the "Grantor, Shiloh Management Services, Inc., an Idaho corporation, by Nathan Pyles, President." Accordingly, it is apparent from the face of the trust deed that it is the corporation granting the deed of trust, and not Pyles as an individual. Thus, the missing information – that Shiloh Management executed the deed of trust – is cured by reference to the instrument itself.

### *Conclusion*

As in *Big River Grain,* the Court finds each of the acknowledgments at issue substantially complies with the corporate acknowledgment form specified by statute when the four corners of the deeds of trust supply the missing information. As such, the deeds of trust were properly recorded and are not subject to avoidance by Trustee under §544.

Accordingly, Trustee's motions for partial summary judgment in the *Preston, Darby I, and Darby II* cases will be denied. The motions for summary judgment filed by Triple B and Jere Robertson in *Preston*, Charles Darby in *Darby I*, and Charles Darby in *Darby II* will be granted.

MEMORANDUM OF DECISION – 18

A separate order will be entered.

DATED:  June 15, 2018

_____
JOSEPH M. MEIER
U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION − 19